IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RACHEL COVINGTON**  **PLAINTIFF**

v.   CIVIL ACTION NO.: 3:20-cv-275 HTW-LRA

**FRESENIUS USA MANUFACTURING INC., D/B/A
FRESENIUS MEDICAL CARE NORTH AMERICA;
FRESCENIUS VASCULAR CARE INC.; AND
LAKELAND HOME PROGRAM, LLC**  **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Rachel Covington, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended, against the Defendants Fresenius USA Manufacturing Inc. d/b/a Fresenius Medical Care North America; Fresenius Vascular Care Inc.; and Lakeland Home Program, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1. Plaintiff, Rachel Covington, is an adult female citizen resident of Hinds County, Mississippi.

2. Defendant, Fresenius USA Manufacturing Inc. d/b/a Fresenius Medical Care North America, was a joint employer of Plaintiff, is a covered entity under Title VII and the ADA, and is a Delaware Corporation doing business in the State of Mississippi that may be served with process through its registered agent: C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendant, Fresenius Vascular Care Inc., was a joint employer of Plaintiff, is a covered entity under Title VII and the ADA, is an out-of-state Corporation unauthorized to do business but is doing business in the State of Mississippi that may be served with process via certified mail at the following address: 920 Winter Street, Waltham, MA 02451.

4. Defendant, Lakeland Home Program, LLC, was a joint employer of Plaintiff, is a covered entity under Title VII and the ADA, is a Delaware Corporation doing business in the State of Mississippi that may be served with process through its registered agent: C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION AND VENUE

5. This Court has federal question and civil rights jurisdiction for actions that arise under Title VII and the ADA.

6. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

7. Plaintiff timely filed a Charge of Discrimination with the EEOC for Sex Discrimination, Race Discrimination, Disability Discrimination and Retaliation on March 19, 2019, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on January 23, 2020, a true and correct copy of which is attached as Exhibit "B."

## STATEMENT OF FACTS

8. Plaintiff worked for the Defendants as a Registered Nurse since January 29, 2018.

9. On August 13, 2018, Plaintiff contacted Sharon Stewart, Black female General Manager, to request a voluntary transfer from the Jackson Acute Clinic due to her known disability. Specifically, Plaintiff suffers from unilateral hearing loss which results in her inability to localize sound and results in difficulty in hearing in a noisy work environment.

10. On September 4, 2018, Jill Falkenstein, white female recruiter, informed Plaintiff that she would be transferred to the Vascular Outpatient Clinic.

11. In early September after her transfer to the new location, Plaintiff complained of unwelcomed and offensive sexual harassment to Melissa Jacobs, white female Human Resource Manager-Dialysis Clinic, informing her that Rodney Wilcox, black male Dialysis Tech, had been sexually harassing Plaintiff. Plaintiff's sexual harassment complaint included: Mr. Wilcox staring at Plaintiff's body and looking her up and down; rubbing up against Plaintiff when Plaintiff was handling patients; licking his lips/gesturing as if he was trying to kiss Plaintiff; asking Plaintiff about the type of panties Plaintiff wore and if she bought them at Victoria Secret; and staying late after his shift so that whenever Plaintiff left, he could leave to.

12. Approximately two (2) weeks later, Ms. Jacobs contacted Plaintiff to give a written statement regarding the sexual harassment from Mr. Wilcox.

13. After Plaintiff began working in the Vascular Clinic on September 24, 2018, Frank Bradshaw, white male Director of the Vascular Clinic, and Becky Roberts, white female Director of Nursing, immediately began nitpicking every move Plaintiff made.

14. On October 19, 2018, while Plaintiff was still in training, Mr. Bradshaw and

3

Ms. Roberts, placed Plaintiff on a PIP for alleged "performance" issues.

15. In fact, the unwarranted PIP included false assertions such as: failure to complete pre-procedure template upon getting consent signature, and failure to place an allergy band on a patient for a drug that was used in the Center.

16. The unwarranted PIP also included minor infractions that many of the white nurses committed; however, the white nurses at that location of the Defendants were not disciplined.

17. Plaintiff informed by Mr. Bradshaw and Ms. Roberts of her disability and Mr. Bradshaw told Plaintiff that he would accommodate her.

18. Plaintiff requested a transfer to the Dialysis Outpatient Clinic where Plaintiff was already working on a PRN basis and where a need for critical was critical.

19. This transfer would have allowed Plaintiff to work on a full-time basis.

20. On November 29, 2018, Mr. Bradshaw signed a transfer authorization as an accommodation to Plaintiff's disability; however, on November 30, 2018, Mr. Bradshaw and Ms. Roberts informed Plaintiff that she would instead be terminated on December 24, 2018, allegedly due to Plaintiff's "performance."

21. On January 4, 2019, Ms. Jacobs provided Plaintiff a proposed severance agreement releasing Defendants from any liability whatsoever and a termination letter for alleged "performance" issues.

22. Defendants terminated Plaintiff's employment even though Mr. Bradshaw, Ms. Jacobs, Whitney O'Malley, white female Human Resource Manager-Vascular Clinic, and Erin McDermott, white female Human Resource Director-Vascular Clinic, had previously agreed to Plaintiff's transfer to a Unit that would have allowed Plaintiff to

work full-time in a position that satisfied Plaintiff's need for a reasonable accommodation.

23. Plaintiff was the only black nurse in the Vascular Clinic and was subjected to different terms and conditions than the white nurses regarding disciplinary action.

24. Prior to being placed on PIP, Plaintiff informed Mr. Bradshaw and Ms. Roberts many times of her disability and need for a reasonable accommodation.

25. After Plaintiff complained of sexual harassment and a need for a reasonable accommodation due to Plaintiff's known disability, Mr. Bradshaw and Ms. Roberts had every intent to use poor performance as a pretext to terminate Plaintiff.

26. Defendants harassed Plaintiff because of her race, black, and her disability.

27. Plaintiff was placed on a PIP in retaliation for complaining of sexual harassment and requesting a need for a reasonable accommodation.

28. Plaintiff was retaliated and discriminated against in violation of Title VII of the Civil Rights Act, as amended, and the Americans with Disabilities Act, as amended.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII and 42 U.S.C. 1981 – RACE DISCRIMINATION

29. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 28 above as if fully incorporated herein.

30. The Defendants violated Title VII and 42 U.S.C. 1981 by allowing their employees to discriminate against Plaintiff based on her race. Plaintiff is African American; thus, she is protected against discrimination on the basis of her race.

Plaintiff was more than qualified for the position she held and for the position she requested to be transferred to.

31. Plaintiff suffered an adverse employment decision in that she was terminated from employment with Defendants.

32. The unlawful actions of the Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II: VIOLATION OF TITLE VII AND 42 U.S.C. 1981 - RETALIATION

33. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 32 above as if fully incorporated herein.

34. The Defendants condoned and permitted unlawful retaliation against Plaintiff by allowing their employees to intimidate and harass Plaintiff and, ultimately, terminate Plaintiff.

35. Plaintiff has been harmed as a result of this retaliation, and the Defendants are liable to Plaintiff for the same.

36. The acts of the Defendants constitute a willful intentional violation of 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## COUNT III: TITLE VII - SEX DISCRIMINATION

37. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 36 above as if fully incorporated herein.

38. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her sex, female. The Defendants violated Title VII by allowing its employee, Rodney Wilcox to sexually harass Plaintiff in the workplace.

6

39. Plaintiff has been harmed as a result of the Defendants' discrimination, and the Defendant are liable to the Plaintiff for the same.

40. The acts of the Defendants constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT IV: VIOLATIONS OF TITLE VII – RETALIATION

41. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 40 above as though specifically set forth herein.

42. The Defendants violated Title VII by allowing its employee, Rodney Wilcox to sexually harass Plaintiff. After Plaintiff engaged in protected activity by making formal complaints of the unwelcomed and offensive sexual harassment to Defendants, Defendants unlawfully retaliated against Plaintiff and terminated her employment.

43. The acts of the Defendants constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

44. As a result of Defendants' said retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish. In addition, Plaintiff is entitled to an award of punitive damages against each Defendant.

### COUNT V: VIOLATION OF THE ADA

45. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 44 above as if fully incorporated herein.

46. The Defendants violated the ADA by terminating Plaintiff because of her

known disability.

47.   The unlawful actions of the Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits;
4. Compensatory damages;
5. Punitive damages;
6. Pre-judgment and post-judgment interest;
7. A tax gross-up and all make whole relief;
8. Attorney's fees;
9. Costs and expenses; and

THIS the 22nd day of April 2020.

Respectfully submitted,

RACHEL COVINGTON, PLAINTIFF

By:   /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com